UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIAM F. KAETZ,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Civil Action
No. 22-01003

**OPINION AND ORDER**

**O'HEARN, District Judge.**

## I.     Introduction

This matter comes before the Court on a Motion for Recusal (ECF No. 106) filed by *pro se* Plaintiff William F. Kaetz ("Plaintiff"). The Motion is opposed by Defendants Designation and Sentence Computation Center, Patricia L. Dodge, Buffeyanne Esquivel, Federal Bureau of Prisons, Afonso Fernandes, Tonya Sulia Goodman, Javier Marrero, Northeast Ohio Corrections Center, Emily Race, J. Nicholas Ranjan, the United States of America, United States Department of Justice, United States Marshals Service, United States Probation Office (collectively "Federal Defendants") and David Bobby and Northeast Ohio Corrections Center (collectively "CoreCivic") (ECF Nos. 108–9). Also before the Court is Plaintiff's Motion to Strike the Federal Defendants' Opposition Letter (ECF No. 110). The Court did not hear argument pursuant to Local Civil Rule 78.1. For the reasons that follow, both Motions are denied.

## II.    Background

Plaintiff submitted his Complaint on February 24, 2022 and was granted permission to proceed *in forma pauperis* on March 1, 2023. (ECF Nos. 1, 3). Plaintiff's Complaint was dismissed

on October 25, 2022 without prejudice and he was given thirty days to amend. (Order, ECF No. 74). Within the next thirty days, Plaintiff filed both a Motion for Reconsideration of the October 25, 2022 Order dismissing the Complaint and a Motion to Amend. (ECF Nos. 78, 82). Plaintiff thereafter filed a Motion for Summary Judgment on January 9, 2023. (ECF No. 93). The Federal Defendants submitted a letter in opposition and further requesting that this Court to hold the Motion for Summary Judgment in abeyance until the pending Motion for Reconsideration and Motion to Amend were resolved. (ECF No. 95). This Court issued a text order on January 20, 2023 stating:

> Plaintiff's Motion for Summary Judgment, (ECF No. 93), is ADMINISTRATIVELY TERMINATED as premature in light of the pending Motion for Reconsideration, (ECF No. 78), and Motion to Amend, (ECF No. 82). No motions for summary judgment shall be filed before the resolution of the pending motions. So Ordered by Judge Christine P. O'Hearn on 1/20/23.

(ECF No. 96).

On the same date, January 20, 2023, Plaintiff moved for reconsideration of the Court's Order administratively terminating the summary judgment motion. (ECF No. 97). On March 5, 2023, Plaintiff filed the Motion for Recusal that is currently before the Court. (ECF No. 106). The Federal Defendants filed a letter in opposition to the Motion for Recusal (ECF No. 108) and Plaintiff moved to strike that Letter (ECF No. 110).

### III. Legal Standard

#### A. Motion for Recusal

A motion for recusal is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.

Under 28 U.S.C. § 144, a judge must recuse herself if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal bias or prejudice against the party seeking recusal, or in favor of the adverse party." 28 U.S.C. § 144. In order to succeed on the recusal

motion, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable person that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) ("Because [Section] 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to a reasonable person, with knowledge of all the facts.") (internal quotations and citation omitted). "A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *Id.* (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)); *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).

"[A] party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). To the contrary, "the source of bias [must] be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible." *Jacobsen v. Citi Mortg. Inc.*, No. 17-1555, 2017 WL 3877850, at *1 (D.N.J. Sept. 5, 2017) (quoting *Lease v. Fishel*, 712 F. Supp. 2d 359, at 373 (M.D. Pa. 2010)) (internal quotations omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

### B. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[W]hether to grant a motion to strike under Rule 12(f) is discretionary." *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *2 (D.N.J. Mar. 10, 2011).

Motions to strike are generally disfavored. *U.S. v. Boston Scientific Neuromodulation Corp.*, No. 11-1210, 2014 WL 4402118, at *3 (D.N.J. Sept. 4, 2014) (citation omitted); *see, e.g., F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) ("As a general matter, motions to strike under Rule 12(f) are highly disfavored."). Indeed, motions to strike will not be granted "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *U.S. Boston Scientific Neuromodulation Corp.*, 2014 WL 4402118, at *3. Consequently, any doubt as to whether striking a pleading is appropriate "should be resolved in favor of the pleading." *Id.*

### IV. Discussion

Here, Plaintiff's Motion for Recusal does set forth any specific factual allegations which identify any extrajudicial conduct by this Court let alone any conduct indicating a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. The general basis for Plaintiff's Motion is his dissatisfaction with the Court's administrative termination of his summary judgment motion. (Motion, ECF No. 106-1). Plaintiff alleges that this Court and Assistant United States Attorney ("AUSA") Kristen Vassallo colluded to "depriv[e] Plaintiff of the due process of law by creating their own rules and laws about Summary Judgment Motions . . . ." (Motion, ECF No. 106-1 at 2). Plaintiff also alleges that "[o]ther reasons for Honorable Christine P. O'Hearn's recusal from this case is the fact that Honorable Christine P.

O'Hearn is a Democrat." (Pla. Affidavit, ECF No. 106-5 at 5). None of these allegations, even if true and even if properly pled with particularity, are a sufficient basis for a motion for recusal.

Further, Plaintiff's contention that the Court acted beyond its authority in administratively terminating his summary judgment motion lacks merit. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also Thompson v. Real Est. Mortg. Network, Inc.*, No. 21-11494, 2018 WL 4604310, at *2 (D.N.J. Sept. 24, 2018) ("[T]he Court retains inherent powers governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Thus, even if a judicial act could be the basis for recusal, the Court was well within its inherent authority when it administratively terminated Plaintiff's motion for summary judgment which was premature in light of pending dispositive motions. Plaintiff's Motion for Recusal is therefore denied.

Plaintiff's Motion to Strike is similarly without merit. The letter Plaintiff seeks to strike is a legitimate letter in opposition to his motion for recusal. (Fed. Def. Letter, ECF No. 108 "Please accept this letter in lieu of a more formal opposition to Kaetz's motion."). All parties are entitled to file opposition to a motion. *See generally* L. Civ. R. 7.1.  Thus, Plaintiff's motion is denied.

V.    **Conclusion**

Accordingly, for the foregoing reasons, and for good cause shown,

**IT IS** on this 27th day of March, 2023,

**ORDERED** that Plaintiff's Motion for Recusal (ECF No. 106) is **DENIED**, and it is further

**ORDERED** Plaintiff's Motion to Strike (ECF No. 110) is **DENIED**.

**Christine P. O'Hearn**
**United States District Judge**